UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DUANE TAMPLAIN                                              CIVIL ACTION

VERSUS                                                      NO. 04-1329

PARISH OF ST. JOHN                                          SECTION "T" (3)
THE BAPTIST, ET AL.

## ORDER

Currently pending before the Court is a Motion for Summary Judgment (Doc. 13) filed on behalf of the Defendants, Sheriff Wayne L. Jones, Michael Boudreaux, E.G. Remondet, and Robert Hayes. This motion came for hearing on June 29, 2005, without oral argument. The Court, having reviewed the memoranda submitted by the parties, the evidence presented, the Court record, and the applicable law, is fully advised on the premises and ready to rule.

## I.  BACKGROUND

On or about May 7, 2003, Deputy Claude Remondet responded to a dispatch to the Airline Motors Restaurant in connection to a disturbance. Upon arriving at the scene, Deputy Remondet observed Ms. Andrea St. Romaine bleeding heavily from her face and mouth and found her to be "severely beaten." A witness, Nathaniel Massi, told Deputy Remondet that the

Plaintiff, Duane Tamplain, and another man, Scott Wild, had taken Ms. St. Romain into a back room and that, prior to that time, Ms. Romain had no injuries. Ms. St. Romain then told Deputy Remondet that the Plaintiff had "beaten her up." Deputy Remondet then arrested the Plaintiff and Mr. Wild for simple battery upon the person of Ms. Andrea St. Romain. Plaintiff was later indicted for second degree battery but was later found not guilty at trial.

On May 7, 2004, the Plaintiff filed the instant action against St. John the Baptist Parish, Sheriff Jones, Deputy Remondet, Robert Hayes and Michael Boudreaux, and Officer John Doe, alleging that the actions of Deputy Remondet amounted to a false arrest and a violation of his constitutional rights. The Plaintiff also alleged that the conditions of St. John Parish Prison violated his constitutional rights because it did not have clothes or sandals in his size and because it denied him a cup to use to drink water when he did not have sufficient inmate funds to purchase one. Finally, the Plaintiff alleged that on April 8, 2003, Michael Boudreaux violated his right to free speech when he called about a political sign the plaintiff had on his lawn and told the plaintiff to "watch his back" and allegedly slashed the plaintiff's tires.

II.   LAW AND ANALYSIS

    A. The Law on Summary Judgment

The Federal Rules of Civil Procedure provide that a court should grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-656 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), cert denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a **genuine issue for trial**." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. The Court notes that substantive law determines the materiality of facts, and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### B. The Court's Analysis

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was **committed by a person acting under color of state law**. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). The plaintiff has alleged several violations under §1983. The Court will first deal with the plaintiff's §1983 claim for an

infringement on his first amendment right to free speech based on the action of Michael Boudreaux. The applicable prescriptive period for a §1983 claim in Louisiana is one year. Rivera v. Baton Rouge City Police Dept., 2003 WL 22139578, at *1 (5th Cir. (La.)); see La. Civ. C. art. 3492 (2005); Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). A plaintiff's claims accrue when he knows or has reason to know of the injury or damages which form the basis of his action. Rivera at *1; see Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). In this case, the Plaintiff received the alleged threat from Officer Boudreaux on April 8, 2003, and found his tires slashed on April 9, 2003. The plaintiff did not file suit until May 7, 2004, more than one year from the dates when he knew or should have known of the alleged actions that would give rise to a valid claim. Therefore, the plaintiff's claims for violations of his first amendment rights under §1983 as a result of the alleged actions of Michael Boudreaux have prescribed.

    Next, the plaintiff alleges that he was subjected to a false arrest in violation of §1983. In order to ultimately prevail on a §1983 false arrest or false imprisonment claim, a plaintiff must show that the defendant did not have probable cause to arrest him. Haggerty v. Texas Southern Univ., 391 F.3d 653, 655 (5th Cir. 2004). Probable cause depends on whether the officer possesses knowledge that would warrant a prudent person's belief that the suspect committed or was committing a crime. Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). In the instant case, Deputy Remondet was dispatched to a disturbance at a local restaurant. Once there he witnessed a badly beaten woman who, along with a witness, informed him that the plaintiff had physically assaulted her. Under these circumstances, Deputy Remondet had sufficient

knowledge to warrant a prudent belief that the plaintiff had committed a battery upon Ms. St. Romain.  Therefore, Deputy Remondet had probable cause to arrest the plaintiff.  Accordingly, the plaintiff does not have a valid claim for false arrest.

      Third, the plaintiff asserts that he was subjected to substandard conditions of confinement in violation of the Fourteenth Amendment and, thus, §1983.  The Fourteenth Amendment prohibits the imposition of conditions of confinement on pre-trial detainees that constitute punishment.  Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004).  In this case, the plaintiff asserts that he was not provided adequate clothing or footwear because the prison did not have either in his size.  Here, however, the plaintiff was not denied clothing or footwear as a form of punishment, but rather because the prison did not have size 3X pants and shirts to fit his large frame.  Nevertheless, the plaintiff acknowledged that he was able to borrow a spare pair of adequate sandals from another inmate during his three-day detention.

      The plaintiff also alleges that he was denied his own cup to drink from because he did not have adequate funds in his inmate account to purchase one.  This, however, was not done with punitive intent, but rather was the result of a system in place which required inmate funds to purchase such a cup.  The plaintiff had no inmate funds with which to comply.  Nevertheless, again, the plaintiff was able to use a cup that another inmate let him borrow.  Within twenty-four hours the plaintiff was adequately dressed and he was immediately in possession of a cup.  Therefore, his conditions of confinement were of a *de minimis* nature, and none of the alleged actions of the defendants can be considered an unconstitutional imposition of punishment on the plaintiff.  Accordingly, these claims must also be dismissed.

Finally, the plaintiff alleges an Eight Amendment violation that the defendants showed deliberate indifference to a medical need by denying him adequate footwear in light of serious foot problems, namely plantar faciitis. When a pre-trial detainee's claim for failure to provide medical care does not challenge a condition, practice, rule or restriction, but rather an episodic act or omission of state jail officials, the question is whether that official breached his constitutional duty to tend to the basic human needs of the person who is charged. Hare v. City of Corinth, 74 F.3d 633, 645 (5th Cir. 1996). In such a case, a state jail official does not violate the detainee's constitutional rights unless he acted with deliberate indifference to the detainee's needs. Id. at 647-48. To succeed, a plaintiff must show that the defendants were aware of an unjustifiably high risk for his health but failed to act. Sibley v. Lemaire, 184 F.3d 481, 489 (5th Cir. 1999). In the instant case, the plaintiff admitted in his deposition that he never requested to see a doctor or nurse about his condition nor did he file any grievance requesting footwear. Therefore, he cannot prove that the defendants were aware of his condition and failed to act. Thus, this claim must be dismissed as well.

### III.   CONCLUSION

For the foregoing reasons, the Court is of the opinion that summary judgment in favor of the Defendants is proper. The record taken as a whole could not lead a rational trier of fact to find for the Plaintiffs; therefore, there are no genuine issues of material fact for trial.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 13) filed on behalf of the Defendants, Sheriff Wayne L. Jones, Michael Boudreaux, E.G. Remondet, and Robert Hayes, be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 22nd day of August, 2005.

  _____
  **G. THOMAS PORTEOUS, JR.**
  **UNITED STATES DISTRICT JUDGE**